# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARISSA PERONIS, individually and as administratrix of the estate of Kendall Peronis, and MATTHEW FRITZIUS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:16-cv-01389-NBF |
| UNITED STATES OF AMERICA, VALLEY MEDICAL FACILITIES, INC., t/d/b/a HERITAGE VALLEY PEDIATRICS, VALLEY MEDICAL FACILITIES, INC., t/d/b/a HERITAGE VALLEY BEAVER, and HILARY JONES, M.D., | ) ) ) ) ) ) ) ) ) | District Judge Nora Barry Fischer |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff's Motion to Compel (Docket No. [63]), in which the Court is asked to order Defendants to produce the redacted medical records of a "high risk" baby treated on the same day as Kendall Peronis. It is averred that these non-party records could provide relevant information pertaining to the activities of treating medical staff on the day of Kendall Peronis's death, i.e., whether medical staff were distracted by the needs of the other child. In their Brief in Opposition (Docket No. [65]), Defendants note that Plaintiffs provided the Court with a detailed timeline of events on the day in question, including relevant deposition excerpts from treating medical staff, and did not point to any relevant facts that may be gleaned from the non-party medical records that have not already been obtained from other sources. In addition to constituting a "fishing expedition," they argue that production of the non-party medical records would result in disclosure of a significant amount of personal, highly confidential information.

The Court notes that Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The scope of discovery under the Rule is broad, but it is not without limits. *Hay v. Somerset Area Sch. Dist.*, 2017 WL 2829700, at *1 (W.D. Pa. June 29, 2017) (citing *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999)). A party seeking an order compelling discovery has the burden of proving the relevance of the requested information. *Trask v. Olin Corp.*, 298 F.R.D. 244, 263 (W.D. Pa. 2014). Upon such a showing, the opposing party must demonstrate that the "(1) discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Rouse v. Pa. Dep't of Corrections*, 2017 WL 3139567, at *1 (M.D. Pa. July 24, 2017)

In this Court's estimation, even if the non-party's medical records possessed some minimal degree of relevance, Plaintiffs do not articulate why the non-party's medical records are needed in light of the other evidence obtained through discovery.[1] As noted by Defendants, there is significant deposition testimony by Kendall Peronis's treaters – the same treaters that cared for the non-party baby – pertaining to the activities of staff during the time period at issue

---

[1] Under Rule 26, "the scope of all discovery is limited to matter that is relevant to the claims or defenses in the case *and* proportional to what is at stake in a given case." *Cole's Wexford Hotel, Inc. v. Highmark, Inc.*, 209 F.Supp.3d 810, 823 (W.D. Pa. 2016). The Court is not convinced that Plaintiffs have made such a showing.

in this case. Moreover, other evidence obtained to-date has allowed Plaintiffs to construct a detailed timeline of events for the Court. (Docket No. 63 at 2 – 4). In light of the above, Plaintiffs have failed to demonstrate how production of the non-party's medical file is necessary to resolve whether or not the Defendants met the standard of care required under the circumstances. As such, the Court will not compel disclosure of this cumulative information.

The Court is likewise unwilling to compel disclosure based upon relevant federal and state law. Plaintiffs note that the Federal Health Insurance Portability and Accountability Act ("HIPAA") and related regulations make discovery of the non-party's medical records possible. Specifically, the Court notes that 45 C.F.R. § 164.512(e)(1) provides as follows:

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
>> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order[.]

However, regulations promulgated pursuant to HIPAA may not supersede contrary provisions of state law if state law imposes requirements, standards, or implementation specifications more stringent than those under HIPAA and related regulations. *Citizens for Health v. Leavitt*, 428 F.3d 167, 172 n. 2 (3d Cir. 2005); *Williams v. City of Phila.*, 2014 WL 5393988, at * 4 (E.D. Pa. Oct. 22, 2014). This includes situations in which state law prohibits or restricts the disclosure of medical records where otherwise permitted under HIPAA. *Creely v. Genesis Health Ventures, Inc.*, 2004 WL 2943661, at * 3 (E.D. Pa. Dec. 17, 2004).

Mindful of the applicability of Pennsylvania state law to the instant case, over which this Court exercises diversity jurisdiction, the Court looks to the holding of *Buckman v. Verazin*, 54 A.3d 956 (Pa. Super. Ct. 2012), for guidance. Here, Plaintiffs assert claims sounding only in negligence under the law of Pennsylvania. The plaintiffs in *Buckman* also asserted negligence

3

claims against various medical professionals, and sought the records of several non-parties to confirm a doctor's experience with a particular medical procedure, and the manner in which the procedure was performed. *Id.* at 958 – 59. The defendants in *Buckman* protested, arguing that such a disclosure would violate physician-patient privileged codified at 42 Pa. Cons. Stat. § 5929[2], as well as 42 Pa. Cons. Stat. § 6155(a)[3] pertaining to medical records held by health care facilities. In response, the Pennsylvania Superior Court held that:

> The information relating to third parties that have not given their consent is confidential and is not relevant to the instant negligence claim in that actions taken by [the treater] when operating on other patients is not probative of what his actions were when caring for [plaintiff]. The standard of care is an objective standard and does not contemplate a focus on a [treater's] state of mind.

*Buckman*, 54 A.3d at 964. Further, the Superior Court found that information sought by the plaintiffs could have been obtained "by other, less intrusive means," including the testimony of another medical professional or questions asked of the treater about prior cases. *Id.* Ultimately, the Superior Court concluded that the plaintiffs' "collateral evidentiary interest when weighed against the need for confidentiality of the records of third parties who have not given their consent does not overcome the right to privacy." *Id.*

This Court is inclined to the same view. The records now sought by Plaintiffs are clearly of a confidential, private nature, implicate physician-patient privilege, and are sought without the

---

[2] 42 Pa. Cons. Stat. § 5929 states as follows:

No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity, which shall tend to blacken the character of the patient, without consent of said patient, except in civil matters brought by such patient, for damages on account of personal injuries.

[3] 42 Pa. Cons. Stat. § 6155(a) states as follows:

Any patient whose medical charts or records are copied and delivered pursuant to this subchapter, any person acting on such patient's behalf and the health care facility having custody of the charts or records shall have standing to apply to the court or other body before which the action or proceeding is pending for a protective order denying, restricting or otherwise limiting access to and use of the copies or original charts and records.

4

consent of the non-party – or his or her legal guardians.  *See Lykes v. Yates*, 77 A.3d 27, 32 (Pa. Super. Ct. 2013) ("[T]he actions taken by a doctor when caring for previous patients are not necessary to prove a breach of the standard of care.").  As previously discussed, Plaintiffs are already in possession substantial deposition testimony and all pertinent medical records.  The need for cumulative, non-party medical records is not so weighty as to overcome the need for confidentiality.[4]  Accordingly, upon consideration of Plaintiffs' Motion to Compel [63] and attached exhibits, Defendants' Brief in Opposition [65] and attached exhibits, and relevant authority,

      IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel [63] is DENIED.

      */s/ Nora Barry Fischer*
      Nora Barry Fischer
      United States District Judge

Date:   August 25, 2017
cc/ecf:  All counsel of record.

---

[4] The Court's decision in the instant case comports with that of United States District Judge David S. Cercone, also of the Western District of Pennsylvania, in *Cordes v. Valley Medical Facilities, Inc.*, Docket No. 41, Civil Action No. 2:13-cv-00547-DSC.