THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARISSA PERONIS, individually and as administratrix of the estate of Kendall Peronis, and MATTHEW FRITZIUS,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES OF AMERICA, VALLEY MEDICAL FACILITIES, INC., t/d/b/a HERITAGE VALLEY PEDIATRICS, VALLEY MEDICAL FACILITIES, INC., t/d/b/a HERITAGE VALLEY BEAVER, and HILARY JONES, M.D.,<br><br>        Defendants. | 16-cv-01389<br><br>Judge Nora Barry Fischer |

**ORDER**

AND NOW, this 9th day of September, 2019, the trial having now concluded,

IT IS ORDERED that the portion of Plaintiffs' professional negligence claim against Dr. Kevin Dumpe premised on his failure to deliver Kendall Peronis sooner is DISMISSED WITH PREJUDICE, Plaintiffs having failed to proffer any expert testimony that Dr. Dumpe deviated from the standard of care in that respect.

Plaintiffs Carissa Peronis, individually and as administratrix of the Estate of Kendall Peronis, and Matthew Fritzius ("Plaintiffs") filed a complaint for professional negligence against Dr. Dumpe on September 8, 2016. (Docket No. 1). In Counts I and II of that Complaint, Plaintiffs allege that Dr. Dumpe was negligent for failing to deliver Kendall Peronis sooner.[1] (Docket No. 1 ¶ 89). Dr. Leonard Zamore, who is appropriately qualified and Plaintiffs' only obstetrics and

---

[1] This case was later consolidated with 16-cv-01703. (Docket No. 23). The original complaint at 16-cv-01703 filed on November 10, 2016, also contained a professional claim against the United States for failing to deliver Kendall sooner. (Docket No. 1 ¶ 72).

gynecology expert, testified that Dr. Dumpe was not negligent for failing to deliver Kendall sooner despite having previously opined otherwise. While he previously believed the fetal monitoring strips were a Category III, having since re-reviewed them, he determined that they were only a severe Category II and, consequently, an earlier delivery was not necessary.

> Under Pennsylvania law,
>
> an expert testifying as to a physician's standard of care also must meet the following qualifications: . . .
> (2) Practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue, except as provided in subsection (d) or (e).
> (3) In the event the defendant physician is certified by an approved board, be board certified by the same or a similar approved board, except as provided in subsection (e).

40 PA. CON. STAT. ANN. § 1303.512(c). Given that Dr. Zamore was Plaintiffs only obstetrics and gynecology expert and Dr. Zamore testified that Dr. Dumpe was not negligent in failing to deliver Kendall earlier, the portions of Plaintiffs' professional negligence claim relating to the need for an earlier delivery cannot proceed and is, accordingly, dismissed. *See id.*

/s/ Nora Barry Fischer
Nora Barry Fischer
Senior United States District Judge